[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Presently before the court is defendants' (Romei and Colony Inn) motion to strike the third and fourth counts of the complaint. Said motion should be granted.
The plaintiff, Alphonso Lilly III, filed a four count complaint on April 26, 1999, alleging that on April 18, 1998, at approximately 12:15 a.m., the motor vehicle of the defendant, Howard T. Gillis, struck the plaintiff's motor vehicle while it was stopped at a stop sign on North Frontage Road in New Haven. The plaintiff alleges in count one that the defendant Gillis was negligently operating his motor vehicle and that the plaintiff suffered personal injuries and other losses. In the second count the plaintiff alleges that the defendant, Michael L. Romei, permittee of Charlie B's Steakhouse; the defendant, GWF, Inc., G.P.; and the defendant, The Colony Inn at New CT Page 4949 Haven, L.L.C., L.P. (Colony Inn), owner of Charlie B's Steakhouse, sold alcoholic liquor to the defendant Gillis, while he was intoxicated in violation of General Statutes § 30-102, the Dram Shop Act.[1] The plaintiff alleges in count three that the defendants Romei and Colony Inn were reckless in serving the defendant Gillis alcoholic liquor while he was intoxicated when they knew or should have known that he would be driving an automobile. Count four alleges a violation of CUTPA.
The defendants Romei and Colony Inn filed a motion to strike counts three and four of the plaintiff's complaint on November 22, 1999, accompanied by a memorandum in support and a supplemental memorandum filed January 21, 2000.[2] The defendants move to strike the fourth count on the ground that the plaintiff failed to allege a deceptive act or practice under CUTPA because the claim arises from negligence and the alleged act is not an immoral, unethical, oppressive or unscrupulous act.
The plaintiff filed his objection to the motion to strike along with a memorandum of law on June 12, 1999. The plaintiff opposes only the motion to strike the fourth count, arguing that the allegations of the complaint satisfy the FTC cigarette rule and thus make out a claim under CUTPA.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270. "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588. In ruling on a motion to strike the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Pamela B. v. Ment,244 Conn. 296, 308. The plaintiff is not required to expressly allege facts if they are necessarily implied. See id., 308.
The defendants argue that the sale of alcoholic liquor to an intoxicated person does not constitute an unfair method of competition or unfair or deceptive act or practice under CUTPA. "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other CT Page 4950 words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Hartford ElectricSupply Co. v. Allen-Bradley Co., 250 Conn. 334, 367-68. "[A] violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. Willow Springs Condominium Assn., Inc. v. Seventh BRTDevelopment Corp., 245 Conn. 1, 43.
The defendants argue that the allegations of the complaint do not satisfy any of the three requirements set forth in the cigarette rule. The defendants argue that the first prong of the cigarette rule is not satisfied in that the plaintiff failed to allege that the negligent act was unlawful and violated public policy. The plaintiff alleges that he was injured by the defendant Gillis while operating his motor vehicle on a public highway. The plaintiff further alleges the defendants Romei and Colony Inn served alcoholic liquor to an intoxicated person when they knew or should have known that he would be driving. Finally, the plaintiff alleges that defendants Romei and Colony Inn held themselves out to the public as a seller of alcoholic beverages and as such were engaged in trade or commerce. The plaintiff set forth sufficient facts to implicate public policy considerations and to establish a violation of those concerns.[3]
The defendants also argue that the Connecticut Supreme Court held that when a CUTPA violation is grounded in negligence, satisfaction of the first prong of the cigarette rule alone is insufficient to make out a CUTPA claim. The Supreme Court, in Haynes v. Yale-NewHaven Hospital, 243 Conn. 17, 34, discussed A-G Goods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 200, and Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559, however, and stated that those cases specifically did not decide whether negligence alone, withoutcontributory negligence, would support a CUTPA claim.
Superior court cases decided since Haynes, have observed a rule that when a plaintiff alleges simple negligence, the plaintiff must satisfy more than just the first prong of the cigarette rule. See, e.g., Abrams v. Riding High Dude Ranch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345046 (February 5, 1998, Skolnick, J.) (first prong of the cigarette rule insufficient CT Page 4951 to support CUTPA violation when allegations sound in negligence alone).
The defendants next argue that the plaintiff is asserting facts that, if proven true, would establish negligence only and that the acts complained of are not immoral unethical, oppressive or unscrupulous. The plaintiff, in his memorandum in opposition to the motion to strike, argues: (1) that an important purpose of the Dram Shop Act is the protection of the public, (2) that the Dram Shop Act is part of a larger statutory scheme criminalizing the sale or delivery of alcoholic liquor to an intoxicated person, and (3) that the legislature and the courts impose strict liability for the sale of alcoholic liquor to an intoxicated person.
The facts as alleged by the plaintiff, if proven, may establish negligence, but would not satisfy the immoral, unethical, oppressive or unscrupulous practice prong of the cigarette rule. Negligence alone, does not satisfy that requirement. Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 593; A-G Goods, Inc. v. PepperidgeFarm, Inc., 216 Conn. 216.
Finally, the defendants argue that the plaintiff cannot satisfy the substantial injury to consumers prong of the cigarette rule as the plaintiff was a third party and not a consumer within the meaning of the word of the Act. The plaintiff responds that the CUTPA is designed to protect persons other than consumers.
The Connecticut Supreme Court has "stated in no uncertain terms that CUTPA imposes no requirement of a consumer relationship." Larsen ChelseyRealty Co. v. Larsen, 232 Conn. 480, 496. CUTPA "is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit." Service Road Corp. v.Quinn, 241 Conn. 630, 637; Fink v. Golenbock, 238 Conn. 183, 213. "CUTPA is not limited to conduct involving consumer injury. . . . [A] competitor or other business person can maintain a CUTPA cause of action without showing consumer injury." (Internal quotation marks omitted.) Service Road Corp. v. Quinn, supra, 241 Conn. 638. The plaintiff has not alleged any consumer injury nor any business or commercial relationship with the defendants.
The motion to strike should be granted.
Accordingly the motion to strike the third and fourth counts is granted.